# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STALIN D. TOLBERT,           )<br>                              )<br>         Plaintiff,           )<br>                              )   CIVIL ACTION<br>v.                            )<br>                              )   No. 10-1409-JWL<br>                              )<br>MICHAEL J. ASTRUE,            )<br>Commissioner of Social Security, )<br>                              )<br>         Defendant.           )<br>_____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying supplemental security income (SSI) under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Commissioner's credibility analysis, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.   Background**

Plaintiff applied for SSI on July 27, 2007, alleging disability beginning September 15, 1999. (R. 7, 102-04). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 7, 45-

46, 61). Plaintiff's request was granted, and Plaintiff appeared with counsel and testified at a hearing before ALJ William H. Rima on February 10, 2009. (R. 7, 15-44). At the hearing, Plaintiff amended his alleged onset date to August 23, 2008. (R. 24). After the hearing, additional medical records were received into evidence, and a consultative examination of Plaintiff was procured. (R. 174-78, 197-282). ALJ Rima issued his decision on September 10, 2009 finding Plaintiff is not disabled within the meaning of the Act, and denying his application. (R. 7-12). The Appeals Council denied Plaintiff's request for review of the ALJ's decision,[1] making that decision the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review. (Doc. 1).

## II.   Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C.

---

[1]The court is unable to find a copy of Plaintiff's request for review in the administrative record. Nevertheless, the record includes a "Notice of Appeals Council Action" denying Plaintiff's request for review. (R. 1-3). The court notes that the Commissioner is implementing an electronic disability claims processing system, and that administrative records received for the court's review during the implementation period have not always reflected every activity which may have been accomplished "online." In any case, neither party alleges error in the failure to include a request for review in the administrative record, or error in the finding which is implicit in the Appeals Council's denial of a request for review--that Plaintiff requested review of the ALJ's decision.

§ 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

     An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period

of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A));  accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. § 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51.  If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses claimant's residual functional capacity (RFC).

20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether claimant can perform his past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff makes a single claim of error--that the ALJ erred in his evaluation of the credibility of Plaintiff's allegation of symptoms--and asks that the case be remanded for further proceedings. (Pl. Br. 4-8).[2] The Commissioner argues that the credibility finding was proper, points to record evidence which in his view supports the credibility finding, and argues that "the court may overturn the ALJ's credibility determination only when

---

[2]Although Plaintiff alternatively asks that the Commissioner be directed to enter an order awarding disability, Plaintiff provides no authority or argument justifying such a course, and has thereby waived that argument. Wall, 561 F.3d at 1066 (issue presented without developed argument is waived); see also, Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997)).

there is a conspicuous absence of credible evidence to support it." (Comm'r Br. 7) (citing Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992)). The court finds no error.

### III. The ALJ Applied the Correct Standard to Evaluate Credibility, and His Determination is Supported by Substantial Evidence

The Commissioner's responsive brief suggests that Plaintiff is arguing only that substantial evidence in the record does not support the credibility finding. However, the primary thrust of Plaintiff's argument is that the ALJ applied the incorrect legal standard in evaluating the credibility of Plaintiff's allegations of symptoms, not that the individual findings relied upon by the ALJ are not supported by substantial evidence. Plaintiff argues: that the ALJ improperly used an incident which occurred before his alleged onset date to find that Plaintiff was not disabled more than eleven months later; that the daily activities relied upon by the ALJ are insufficient as a matter of law to support a finding of incredibility; that the ALJ erred in failing to address the forms completed by Plaintiff in his application for benefits; that the ALJ's reliance on Plaintiff's testimony that he was looking for part-time work cannot support a finding that Plaintiff is able to do full-time work; and that the ALJ's findings are just conclusions which were not linked to substantial and accurate evidence. (Pl. Br. 6-7). Nevertheless, the court finds that the ALJ applied the correct legal standard in reaching his credibility finding, and that giving the decision the deference it is due, substantial evidence supports the ALJ's finding.

#### A.   The Legal Standard for Evaluating Credibility

The Tenth Circuit has explained the analysis for considering subjective testimony regarding symptoms.  Thompson, 987 F.2d at 1488 (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability.  Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain.  This court has stated:  The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488 (citations and quotation omitted).

In evaluating symptoms, the court has recognized a non-exhaustive list of factors which should be considered.  Luna, 834 F.2d at 165-66.  These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).  The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating credibility which overlap and expand upon the factors stated by the court:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side

7

effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 416.929(c)(3)(i-vii).  Although the ALJ should consider those regulatory and court-suggested factors which are relevant when evaluating credibility, Tenth Circuit "precedent 'does not require a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.'"  Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009) (quoting Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000)) (ellipsis and brackets omitted).

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  In reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule").  "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988); Hackett, 395 F.3d at 1173 (same).

8

### B.     The ALJ's Credibility Analysis

The ALJ stated he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs [(Soc. Sec. Rulings)] 96-4p and 96-7p." (R. 9). He explained that he must first determine whether there is a medically determinable impairment that could reasonably be expected to produce Plaintiff's symptoms, and if so, he "must [then] evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities." (R. 10). Finally, the ALJ noted that if the claimant's allegations of symptoms are not directly substantiated by objective medical evidence, the ALJ must make his credibility finding "based on a consideration of the entire case record." Id.

The ALJ summarized Plaintiff's allegations regarding symptoms, and noted that Plaintiff has medically determinable impairments that could reasonably be expected to produce the symptoms alleged. Id. He stated that he considered all of the evidence and concluded that Plaintiff's allegations are not credible. Id. He provided reasons for his credibility finding, noting specifically that Plaintiff admitted he continued to look for work, and that Plaintiff reported he had helped family members move in September 2007. Id. The ALJ summarized the medical evidence including the consultative examination performed by Dr. Estivo to which the ALJ accorded "significant weight." (R. 10-11). In

9

summarizing Dr. Estivo's report, the ALJ stated particular facts which the court finds relevant to the ALJ's credibility finding:

> The claimant had been diagnosed with scoliosis at age 15 and surgery was recommended. The claimant has not had surgery and has not pursued other therapy such as physical therapy, TENS unit, or injections. He takes no medication for pain, although he described constant pain at 5 out of 10.

(R. 10).

### C.   Analysis

The court's review of the standard that the ALJ asserts he applied reveals it is consistent with the standard articulated in Luna. Plaintiff does not, and could not, suggest a different standard should have been applied. However, as summarized above, Plaintiff does argue that the ALJ failed to apply the Luna standard properly: that the ALJ improperly used an incident which occurred before his alleged onset date to find that Plaintiff was not disabled more than eleven months later; that the daily activities relied upon by the ALJ are insufficient as a matter of law to support a finding of incredibility; that the ALJ erred in failing to address the forms completed by Plaintiff in his application for benefits; that the ALJ's reliance on Plaintiff's testimony that he was looking for part-time work cannot support a finding that Plaintiff is able to do full-time work; and that the ALJ's findings are merely conclusions which were not linked to substantial and accurate evidence. (Pl. Br. 6-7). The court will address each argument in order.

Plaintiff's argument that it was improper for the ALJ to rely upon the fact that Plaintiff helped family members move in September 2007 to show "that Plaintiff was able

10

to work in 2008 and 2009," ignores the evidence as a whole, and misses the point of the ALJ's analysis.

Plaintiff argues that he amended his onset date to August 23, 2008, and therefore it was improper to rely upon his helping someone move in September 2007 because that fact does not relate to ability to work in the period for which he now alleges disability -- beginning eleven months later.  However, Plaintiff applied for SSI benefits on July 27, 2007 (before he helped someone move in September 2007), and asserted in that application that his disability began on September 15, 1999.  (R. 102).  As Plaintiff suggests, through counsel he amended his onset date at the hearing to allege disability beginning August 23, 2008.  (R. 24).  However, at the hearing counsel stated his reason for amending the onset date:  "[Plaintiff] was working full time at -- well, the equivalent of full time until August 22, 2008.  And so our -- we need to amend the onset date to August 23, 2008."  Id.  This fact reinforces the ALJ's credibility analysis rather than showing that it was improper.  Plaintiff originally alleged he was disabled beginning in September 1999, but Plaintiff worked full time for some period of time after his alleged disability and stopping his work on August 22, 2008.  During this period of alleged disability, the record contains evidence that Plaintiff reported he had helped family members move.  The fact that Plaintiff helped family members move during an alleged period of disability is relevant evidence upon which the ALJ might properly rely to show that Plaintiff's allegations are not credible.  That counsel recognized an inconsistency in

11

the record, and recognized that work during a period of alleged disability reduces the potential for an award of benefits, does not preclude the ALJ's reliance upon Plaintiff's inconsistent assertions regarding disability and his ability to perform work activities. It was not error for the ALJ to consider this evidence.

Plaintiff next argues that "[a]s a matter of law . . ., the activities upon which the ALJ relied cannot provide substantial evidence that Plaintiff does not suffer disabling symptoms." (Pl. Br. 5). As Plaintiff argues, sporadic performance of work or household tasks will not establish ability to work. E.g. Thompson, 987 F.2d at 1490; Frey v. Bowen, 816 F.2d 508, 516-17 (10th Cir. 1987). However, the ALJ did not rely upon "sporadic performance of work or household tasks." Rather, he noted that Plaintiff had helped family members move, an activity which is inconsistent with Plaintiff's allegations that during that period his symptoms were disabling. Plaintiff's next argument demonstrates the error in this argument, for Plaintiff claims it was improper for the ALJ to fail to mention forms completed by Plaintiff in the application process, and argues that "the ALJ did not even attempt to assess the Plaintiff's daily activities as required by 20 C.F.R. § 416.929(c) and SSR 96-7p." (Pl. Br. 6). As Plaintiff acknowledges, the ALJ did not rely upon sporadic performance of daily activities or work to find Plaintiff disabled, and did not assess daily activities to find Plaintiff incredible.

Moreover, as discussed above, Tenth Circuit "precedent 'does not require a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the

specific evidence he relies on in evaluating the claimant's credibility.'" Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009) (quoting Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000)) (ellipsis and brackets omitted).  Thus, contrary to Plaintiff's argument, there is no "requirement" that the ALJ discuss Plaintiff's daily activities or discuss particular forms completed by Plaintiff.  To the contrary, an ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.  Threet v. Barnhart, 353 F.3d 1185, 1190 (10th Cir. 2003); Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).

Plaintiff makes no attempt to establish that the forms he relies upon in his argument are uncontroverted or significantly probative.  The forms were certainly controverted by Dr. Estivo's opinion that Plaintiff has abilities which would permit him to perform a range of sedentary work.  Plaintiff's particular assertions--that it is hard to bend if he is in pain, that he can't reach his back, that it is hard to hold his hands over his head, that he can't go out and do things people his age do, and that pain prevents him from getting along and following instructions--are not significantly probative.  Rather, they are merely self-serving allegations, and Plaintiff points to nothing in the record other than his own assertions which supports those allegations.  There is nothing which requires an ALJ, in making his credibility determination, to accept Plaintiff's statements regarding symptoms--the very allegations which are at issue in the credibility determination.

Plaintiff admits that he continued to look for work, but argues that there is no regulatory authority which allows an ALJ to conclude "that looking for part time work indicates an ability to do full time work." (Pl. Br. 6). The question is not whether some regulation suggests that looking for part-time work indicates an ability to do full-time work. In his credibility evaluation, the ALJ is not even addressing the ability to do full-time work. Rather, he is seeking evidentiary factors which are relevant to a determination whether Plaintiff's allegations of symptoms are credible. The fact that Plaintiff states he is looking for work is just such a factor. Plaintiff's testimony suggests that he believes he is able to work, and that belief indicates his allegation of symptoms precluding work are not credible. This factor is relevant to the credibility determination, and the ALJ did not err in considering it. The ALJ's statement at the hearing that someone can work while they are claiming disability (R. 30-31) is merely a statement of the applicable law regarding a trial work period, and does not negate the relevance of Plaintiff's seeking work when considering the credibility of Plaintiff's allegations.

Plaintiff's final argument is that the ALJ's findings are merely conclusions which were not linked to substantial and accurate evidence. This argument is without merit. The ALJ noted that Plaintiff testified he had been looking for work, Plaintiff admits his testimony that he continued to look for work, and the record confirms that testimony. (R. 10); (Pl. Br. 6); (R. 39, 41). As Plaintiff suggests, he testified that he has been "looking for another part-time job in these last couple of weeks." (R. 39). But, not all of the

testimony was so limited as Plaintiff suggests, for Plaintiff testified, "I'm going from destination to destination inside and out looking for another job, putting in applications." (R. 41). Based upon this record, it was not error for the ALJ not to limit his finding to consideration of only part-time work. Moreover, the ALJ linked this finding to substantial, accurate record evidence.

The same is true of the ALJ's finding that Plaintiff reported helping family members move in September 2007. (R. 10). The ALJ specifically cited Exhibit 6F, page 12 in support of that finding. (R. 10). That exhibit consists of medical records from Wesley Medical Center, and page 12 is a record regarding a visit on September 30, 2007 which summarizes Plaintiff's report of his problem, "1 day hx of left L-S back pain that began after helping family members move. Denies specific mechanism of injury." (R. 244). Substantial, accurate record evidence supports the finding.

Further, although Plaintiff's brief quotes only two reasons the ALJ gave for his credibility determination (Pl. Br. 4-5), the court finds that is too narrow a view of the decision, because on the same page in his decision, the ALJ summarized the report of Dr. Estivo's consultative exam, and noted Dr. Estivo's assertion that Plaintiff reported taking no pain medication despite having pain at a level of five. (R. 10). The record supports these findings also. In his report, Dr. Estivo noted that Plaintiff "denies taking any medications for his pain," and that "[h]e rates his pain at 5/5 on a scale of 1/5 with 5 being the most painful pain he has had." (R. 276). Based upon the discussion above, and

giving the ALJ's credibility determination the deference it is due, Plaintiff has shown no error in the determination.

In his reply brief, Plaintiff argues that the ALJ did not link his credibility determination to substantial record evidence, but that he "improperly used his intuition and intangible notions of what constitutes a disability." (Reply 1-2). As discussed above, the ALJ's reasons for finding Plaintiff's allegations of symptoms not credible are closely and affirmatively linked to substantial evidence and are not just a conclusion in the guise of findings.

Finally, the Commissioner points to other evidence in the record which he asserts also supports the ALJ's credibility determination. (Comm'r Br. 5-8). The court has reviewed the evidence cited, and agrees that it is additional record evidence supporting the ALJ's determination that Plaintiff's allegations are not credible. In his reply brief, Plaintiff asserts that these are "other arguments in support of the ALJ's decision . . . which the ALJ did not raise," and argues that the court may not rely upon nor create such post-hoc rationalizations to affirm a decision of the Commissioner. (Reply 2-3).

Plaintiff is correct in his explanation of the standard regarding post-hoc rationalization of a decision:

> An ALJ's decision must be evaluated based solely on the reasons stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe[], 755 F.2d [at] 149 n.16 []. A reviewing court may not create post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent

> from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

(Pl. Br. 2-3). But, the Commissioner's citation to record evidence in support of the ALJ's rationale for finding Plaintiff's allegations incredible is not post-hoc rationalization of the decision. As discussed above, in the decision the ALJ provided his rationale for finding Plaintiff incredible. The evidence cited by the Commissioner is merely additional record evidence which supports that rationale. As the Commissioner recognizes, and Plaintiff appears to forget, it is the court's statutory duty to determine whether "[t]he findings of the Commissioner of Social Security as to any fact [are] supported by substantial evidence." 42 U.S.C. § 405(g) (sentence five). The court must determine whether the factual findings are supported by substantial evidence in the record. E.g., Lax, 489 F.3d at 1084; White, 287 F.3d at 905. As the Grogan court recognized, post-hoc rationalization occurs where a court explains the Commissioner's treatment of the evidence when that treatment is not apparent from the decision. Here, the ALJ's treatment of the evidence is apparent from the decision, and the Commissioner's brief has merely cited additional record evidence supporting that treatment. Finally, consideration of the additional evidence cited by the Commissioner does not violate Allen's caution not to consider evidentiary matters not considered by the ALJ because all of the evidence cited in the Commissioner's brief was considered by the ALJ. (R. 7) ("After careful

consideration of all the evidence, the undersigned concludes"); (R. 9) ("After careful consideration of the entire record, the undersigned finds"); (R. 10) ("After careful consideration of the evidence, the undersigned finds").  Plaintiff does not even attempt to demonstrate that the ALJ did not consider the evidence cited in the Commissioner's brief. Plaintiff has shown no error in the ALJ's credibility determination.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner decision.

Dated this 11th  day of January 2012, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**